UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

    Plaintiff,

                        CASE NO. 09-11807

v.                               PAUL D. BORMAN
                               UNITED STATES DISTRICT JUDGE

DANIEL BURRESS, *et al.*,

    Defendants.

_____/

## **ORDER OF DISMISSAL**

Plaintiff David J. Scott has filed a *pro se* complaint and an application to proceed without prepayment of the filing fee for this action. The complaint seeks monetary and injunctive relief from state officials and other individuals on the ground that the defendants have engaged in racketeering activity.

Upon receipt of the complaint, the Court conducted a litigation search and determined that three or more of Plaintiff's prior complaints were dismissed as frivolous or for failure to state a claim. *See Scott v. Hinton, et al.,* No. 97-cv-72900 (E.D. Mich. Nov. 19, 1997); *Scott v. Johnson., et al.,* No. 95-cv-00403 (W.D. Mich. Oct. 23, 1995); *Scott v. Rumsey., et al.,* No. 91-cv-00138 (W.D. Mich. Oct. 10, 1991). A prisoner may not proceed without prepayment of the filing fee for a civil rights action if three or more of the prisoner's prior complaints were dismissed as frivolous, malicious, or for failure to

state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).[1]  Consequently, on May 21, 2009, the Court ordered Plaintiff to prepay the filing fee for this action or to show cause why his complaint should not be dismissed.  The Court warned Plaintiff that failure to comply with the order could result in the dismissal of this action.

In a response to the Court's order, Plaintiff does not deny that three or more of his complaints have been dismissed as frivolous or for failure to state a claim.  He alleges instead that he is a pretrial detainee and not a prisoner.  Therefore, he believes that § 1915(g) does not apply to him.

The *in forma pauperis* statute defines "prisoner" as "any person incarcerated *or detained in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h) (emphasis added).  Because Plaintiff is detained in jail and presumably has been accused of violating the law or a condition of release, he is a "prisoner" for purposes of § 1915(g).  And because he has not demonstrated that he is in imminent danger of serious physical injury, the exception to § 1915(g) does not apply.  Accordingly, the application to proceed *in forma pauperis* [Dkt. #2, May 11, 2009] is **DENIED**, and the complaint [Dkt. #1, May 11, 2009] is **DISMISSED** without prejudice pursuant to § 1915(g).  Plaintiff's pending motion to file documents written with a pencil and to forego submitting a judge's copy [Dkt. # 5, May 27, 2009] is **GRANTED** for purposes of this action only.

---

[1] An exception exists when the prisoner is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

                S/Paul D. Borman  
                PAUL D. BORMAN  
                UNITED STATES DISTRICT JUDGE

Dated: June 25, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 25, 2009.

                S/Denise Goodine  
                Case Manager